IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF FRANKLIN,

ARGUED AT JUNE TERM, 1843.

---

### GREENLEAF BEAN *versus* INHABITANTS OF JAY.

The inhabitants of a town cannot avoid being bound by their vote, at a meeting legally called with authority in the warrant to act upon the subject, by proof that the vote was passed near the close of the meeting and after a portion of the voters had retired.

Where the plaintiff, in an action against a town for the support of one of its paupers, being obliged to support this pauper by the terms of a special contract to support the paupers of the town for one year, and having received payment of the amount due by the terms of this contract, made a claim upon the town for the support of this pauper, and openly stated in the town meeting the amount which he claimed therefor, and the town, within the year from the time the contract went into operation, *passed a vote to pay the plaintiff for supporting this pauper the last year; it was held,* that the vote was sufficiently certain to have reference to the year of the special contract; and that the town had no valid defence, either on the ground of a want of consideration for the promise, or because that the plaintiff was estopped by his special contract from availing himself of it.

ASSUMPSIT for the support of the wife of Simeon Lamkin, a pauper of the town of Jay, from May 1, 1839 to May 1, 1840. The facts in the case are stated at the commencement of the opinion of the Court. At the trial before WHITMAN C. J. after the evidence was out, it was agreed by the parties, that, if the Court should be of opinion that the plaintiff was entitled to recover, a default should be entered, and that the

Court should assess the damages in any mode they should think proper; and that if the plaintiff was not entitled to recover, he was to become nonsuit.

*H. & H. Belcher* argued for the plaintiff, contending that they were entitled to support the action upon these considerations; that the plaintiff supported a pauper of the town of Jay; that the town voted to pay the plaintiff for the support of that very pauper; and that it was a contract which the town had a right to make.

The town is bound to support its own paupers, and has a right to determine the mode of doing it. The town is under a moral obligation to pay any one who relieves the town from the support of a pauper, and that is a sufficient consideration for an express promise to pay therefor. The plaintiff claimed payment, and if the town intended to resist the claim, they should have so said, and not have adjusted the dispute by a promise of payment.

But were it ever so clear that the terms of the bond would have compelled the plaintiff to have supported the pauper without compensation, the town was competent to waive this ground, and promise to pay according to the justice of the case.

Nor is the plaintiff estopped by the bond from claiming under the vote of the town. There can be no estoppel where the contract is executory. 17 Mass. R. 449; 14 Johns. R. 210; 15 Mass. R. 206.

*May*, for the defendants, in his argument contended that the plaintiff was not entitled to recover by virtue of the vote of the town. The vote must be understood and regarded either as a promise to pay the plaintiff for supporting this pauper according to the contract which had been made, or as a promise to pay him a sum of money for such support in addition to the sum agreed to be paid in the contract, which had been before made. The plaintiff admits that all his claim under the bond has been paid, and the first ground fails. It must fail also under the second, for such promise is void for want of a con-

sideration to support it. The vote of a town to pay money must be founded on a good and sufficient consideration to be the ground of an action. *Nelson* v. *Milford*, 7 Pick. 18. The plaintiff was bound by his bond to support this pauper. There was then no equitable or moral obligation to support the promise.

The liability of towns to pay for the support of their poor, does not rest upon any moral obligation to do so, but upon the positive enactments of law. The moral obligation which forms a consideration for an express promise is limited in its application to cases where a good and valuable consideration has once existed. 3 Pick. 207; 1 Metc. 276, 520; 1 Chitty on Con. 52, citing 1 Murphy, 181; Peake's R. 72; 1 Verm. R. 420. A promise to pay more than is due, is without consideration. 5 East, 232; 3 Pick. 92; 3 B. & P. 612; 17 Pick. 280; 14 Pick. 198.

The plaintiff is estopped by his bond to deny that he did not receive a full and adequate compensation for keeping this pauper. 4 Pick. 97; 17 Mass. R. 591.

Unless the first contract was waived, which is not pretended here, the party is not bound by any promise to pay an additional compensation. 9 Pick. 298.

The vote can only be regarded as an unexecuted gift, and the town is not bound by it. 7 Johns. R. 26.

The town has no right to give away money as a gratuity to any one, who has no legal claim. 13 Mass. R. 272.

The vote is too loose to bind the town. It does not state the portion of time for which payment is to be made, or refer to any means of determining it.

The opinion of the Court, WHITMAN C. J. taking no part in the decision, not having heard the argument, was drawn up by

SHEPLEY J.——It appears from the report, that the plaintiff on the 29th day of March, 1839, entered into a contract with the defendants to support all the paupers, then upon the town, or that should come upon it, excepting certain persons named,

for one year from the first day of May following. The wife of Simeon Lamkin was then a pauper supported by the town, and was not one of the persons excepted. The plaintiff had entered upon and continued in the performance of his contract until March, 1840, when an article was inserted in the warrant for calling the annual meeting " to see if the town will allow Greenleaf Bean pay for the support of Simeon Lamkin's wife the past year." In the meeting of the inhabitants the article was acted upon, and a vote passed " to pay Greenleaf Bean for supporting Simeon Lamkin's wife the last year." It was proposed to prove, that the vote was passed near the close of the meeting and after a portion of the voters had retired. The presiding Judge excluded the evidence. To receive such testimony and permit it to impair the effect of the vote, would be to make the votes of towns, passed at a meeting legally called, depend for their validity upon the number present, and upon the time when they were passed. What rule should determine the number, that must be present, and the hour, when a vote might be legally passed ? The impossibility of establishing any, by a judicial tribunal, is so obvious as to preclude any argument. Those voters, who are so inattentive to their rights as to retire from a town meeting, before all the articles in the warrant are finally acted upon, must trust them to the decision of those, who remain.

It is contended, that the vote does not determine with sufficient certainty, for what time payment was to be made, to be binding. The contract of the plaintiff was made in March, 1839, and this vote was passed in March, 1840 ; and it is not difficult to perceive, that by " the last year," the year of the contract was referred to, as the support of the paupers from year to year would seem to have been acted upon at the yearly or annual meeting, and the contract then to have been made, although the support of the paupers under it commenced at a subsequent time.

The principal ground of defence however is, that the town was not bound by the vote for want of a consideration to support the undertaking. The plaintiff was obliged to support

this pauper by virtue of his special contract, and he received his pay according to that contract for the support of the town paupers. He made a claim, before he had fully executed that contract, to be paid separately for the support of the wife of Lamkin, and openly stated in the town meeting the amount, which he claimed. The grounds, upon which he presented and asserted his claim, are not stated. The conclusion must be from the circumstances, that it was made either on the ground, that the contract did not oblige him to support her, or upon the ground, that there were reasons arising from some mistake or change of condition, which ought to relieve him from the support of her. If made upon the former ground, it will not be denied, that the town had the power to settle and agree to pay all disputed claims; and that it must of necessity be the judge of the expediency of contesting the legal right, or of submitting and agreeing to pay the claim. If made upon the latter ground, it will hardly be denied, that it is competent for a town, when it ascertains, that it has by mistake, or by a change of circumstances, obtained a contract, which acts oppressively upon one of its citizens, to agree to annul or to modify that contract. The argument is, that as an agreement to pay more than is justly due, is not binding, so a contract to afford relief in such a case would not be. The cases are different. When the debt has been determined by an executed contract, the rule may well apply, that a promise to pay more is not binding. But when the contract is yet executory, it is in the power of one party to relieve the other from a performance wholly or in part; and this may be done by a parol agreement. *Munroe* v. *Perkins*, 9 Pick. 298. As the liability of towns for the support of paupers arises out of positive enactments, and not from any moral obligation, it' is contended, that a promise to pay for the support of a pauper cannot rest upon any such moral obligation to sustain it. When however the statute has imposed the duty, and the town has by its provisions become obliged to furnish a support to a particular person, one, who relieves the town therefrom, has the same moral right to compensation for the services performed and

money expended, as he would have for services performed or money expended for the use of the town in any other way. If the vote was not intended to adjust a disputed claim, it must have been designed to relieve the plaintiff from the literal performance of a contract not fully executed, and to compensate him for the support of the person, from whose support he had been relieved. It is true, that the vote passed proposed to pay for the past as well as future support, till the contract year terminated. But it is not necessary, that there should be a full consideration to support the contract. It is enough, that it was not made without consideration. And the consideration, that he was to support her during the remaining portion of the year, was sufficient.

The doctrine of estoppel is not applicable to the case. The effect of the vote being to exempt the plaintiff from providing a support for her by virtue of the contract for the remaining portion of the time, the contract cannot be used, as if there had been no variation of its terms by relinquishing rights secured by it, to defeat the effect of that variation. And moreover such an executory contract does not act as an estoppel.

Nor will the vote admit of a construction, that it was intended only as a promise to pay so much towards the performance of the contract. No question was made about his title to that; and this claim was presented independently of it, or as a relief from it.

There is no amount of compensation fixed by the vote, and the town is not obliged by it to pay the sum, which the plaintiff claimed. He will be entitled to a reasonable compensation only, not exceeding the amount, which he claimed. A default is to be entered subject to a hearing in damages before the clerk.